United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-30428
Summary Calendar

---

PLES BELL, ET AL

Plaintiffs

PLES BELL; WOODROW WILEY

Plaintiffs-Appellants

versus

TENSAS PARISH SCHOOL BOARD; ET AL

Defendants

TENSAS PARISH SCHOOL BOARD

Defendant - Appellee

---

Appeal from the United States District Court for
the Western District of Lousiana
(USDC No. 3:75-CV-275)

_____ _____

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

Ples Bell and Woodrow Wiley filed this school racial discrimination lawsuit in 1975. In March 2005, a related case originally filed in 1969, *United States v. Tensas Parish*, was dismissed with prejudice upon a finding that the school district had reached unitary status. After this dismissal, Bell and Wiley filed a motion for enforcement of judgment, injunctive relief, and contempt of court- all of which looked to the jurisdiction and oversight of the federal court in the 1969 suit. Their motion was denied as moot in light of the earlier order of dismissal in *United States v. Tensas Parish*. For the following reasons, we dismiss this appeal as moot and without jurisdiction.

1.    A case may become moot if 1) there is no reasonable expectation that the alleged violation will recur, and 2) interim relief or events have completely and irrevocably eradicated the effects the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979). The district court's finding      of unitary status in *United States v. Tensas Parish* also impinges on the facts at      issue in *Bell, at al v. Tensas Parish*.

2.    *Davis'* first element is satisfied because the population of Tensas Parish, as well as the organization of the school district serving it and the conduct of the school

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

board, are far different from that which existed in the 1970's.  For this reason, there  is no reasonable expectation that segregation will be reimposed.  *Davis'* second element is satisfied because, under the finding and judgment of the court, the 36-year duration of the integration order has spanned several generations of school children in the parish, eradicating the effects of past segregation to the extent practicable.

3.    Insofar as the appeal seeks by filing this brief to contest or appeal the order of March 2005, it comes too late to confer jurisdiction on this court.

DISMISSED.